Turner, J.
 

 We are called upon here to determine the meaning of the word, ‘ ‘ appeal, ’ ’ as used in Section 154-73, General Code (120 Ohio Laws, 366), which provided in part as follows:
 

 “Any person whose license has been revoked * * * may appeal to the Common Pleas Court * * * from the order of said agency * * *.
 

 ‘ ‘ In the hearing of the appeal the court shall be confined to the record as certified to it by the agency, provided, however, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.- * * * The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action * * * and evidence introduced if the court has granted a request for the presentation of additional evidence.”
 

 The foregoing section was a part of the Administrative Procedure Act as it was originally enacted in 1943 (120 Ohio Laws, 358). Various sections of the original act were amended effective October 12, 1945 (121 Ohio Laws, 578), but such amendments do not require differentiation and the same question may arise under the act as amended, requiring the same answer.
 

 The Court of Appeals held that the trial court committed error in considering and deciding the appeal from the decision of the State Medical Board as an appeal on law instead of considering and deciding it upon its merits as an appeal on law and fact. In so
 
 *224
 
 holding, the Court of Appeals was in error. That court arrived at its conclusion by the generally understood definition of the word, “appeal,” as used in our statutes prior to the enactment of Section 12223-1
 
 et seq.,
 
 General Code (116 Ohio Laws, 104, effective January 1, 1936), commonly referred to as the new Appellate Procedure Act. When the General Assembly adopted such new appellate procedure, it abandoned the theretofore understood meaning of the word, “appeal,” and in Section 12223-1, General Code, defined the word, “appeal,” as used in that act as meaning “all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission.”
 

 It will, therefore, be seen from the statutory definition that the word, “appeal,” in Section 12223-1, General Code, may mean either a review or retrial. However, such definition is limited to the use of the word, “appeal,” in the appellate procedure act.
 

 As Section 154-73, General Code, makes provision for specific cases, we are of the opinion that we do not need to go outside that section to find the definition of “appeal” as used therein. The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of men equipped with the necessary knowledge and experience pertaining to a particular field. In providing for an appeal from the decision of such a board or commission, the General Assembly did not intend that a court should substitute its judgment for that of the specially created board or commission but did intend to confer a revisory jurisdiction on the court. Otherwise, the section would not have contained the provision, “in the hearing of the appeal the court shall be confined to the record as certified to it by the
 
 *225
 
 agency, provided, however, the court
 
 may grant a request
 
 for the admission of additional evidence when
 
 satisfied
 
 that such additional evidence
 
 is newly discovered
 
 and could not with reasonable diligence have been ascertained prior to the hearing before the agency.” (Italics ours.)
 

 We are of the opinion that this last-quoted provision is inconsistent with a
 
 de novo
 
 hearing whereby the court substitutes its judgment for that of the agency which heard the facts. It is argued that the provision in Section 154-73, General Code, that “the hearing in the court of common pleas shall proceed as in the trial of a civil action, and
 
 the court shall determine the rights of the parties in accordance with the statutes applicable to such action,”
 
 requires a court to proceed as it would in any other civil action. (Italics ours.) However, this contention overlooks the modification created by the there following sentence which refers to the evidence which is introduced when the court has granted a request for the presentation of additional evidence. No evidence not certified as a part of the record may be introduced unless the court in its discretion grants a request for permission for such introduction, upon being satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the original hearing before the agency.
 

 We are of the opinion that the language of Section 154-73, General Code, clearly discloses that the mere appeal is not to vacate the finding of the agency. Yet if it be held that appeal as formerly understood in Ohio is to control, such would be the result.
 

 In 2 Ohio Jurisprudence, 38, Section 2, it is said:
 

 “* # # in Ohio the appeal itself vacates without revisal the whole proceeding as to findings of fact as well as law and the case is heard upon the same or
 
 *226
 
 other pleadings and upon such competent testimony as may be offered in that court; it takes up the subject of the action
 
 de novo
 
 in respect to pleadings, necessary parties, trial, and judgment in like manner as if the cause had never been tried below.”
 

 It is said in 2 Ohio Jurisprudence, 51, Section 10:
 

 “A right of appeal exists only by statute, or constitutional provision; it was unknown to the common law. Without a statute or constitutional provision authorizing it, no appeal can be taken, and the judgment of the trial court is final.”
 

 We are of the opinion that no resort may 'be had either to the common law or to repealed statutes to ascertain the meaning of the word, “appeal,” when, used in newly enacted legislation which does not refer to any prior legislation.
 

 ' It was said in the opinion of the Court of Appeals:
 

 ‘‘The failure of the court to give the ease his independent judgment violated a substantial right of the appellant. ’ ’
 

 Such statement could be true only if the General Assembly had conferred upon a party to a proceeding before an administrative agency the right to seek the independent judgment of a court.
 

 We are of the opinion that the General Assembly has not conferred such a right upon a party to an administrative proceeding but by the provisions of {Section 154-73, Genera] Code, has limited such right to an appeal for a review of the administrative procedure to ascertain whether the rights of the parties have been determined by the administrative agency in accordance with the statutes appropriate to the proceeding before the administrative tribunal.
 

 The transcript of the docket and journal entries of the Court of Appeals shows that a motion to dismiss the appeal on law and fact was sustained; cause re
 
 *227
 
 tained on law; appellant granted thirty days for preparation and filing of bill of exceptions.
 

 The transcript shows also the following:
 

 December 12, 1947: Motion sustained as per entry.
 

 January 10, 1948: Assignments of error and briefs filed.
 

 December 12, 1947: A journal entry reading:
 

 ‘ ‘ This day this cause came on for hearing on the motion of the appellee, the State Medical Board, for an order dismissing the appeal for the reason that the notice of appeal filed in this case recites that the said appeal is on questions of law and fact, whereas there is no provision in law for appeal on questions of law and fact in this case.
 

 “The court upon consideration of said motion finds the same well taken, and sustains the same, and hereby orders and directs that said cause be retained for hearing on questions of law and Jacob H. Farrand, appellant, is granted thirty (30) days from the date of this entry for the preparation and settlement of a bill of exceptions and the filing of assignment of errors and brief.”
 

 The appellant (appellee here), under date of January 10, 1948, filed five assignments of error as follows:
 

 “(1) The court erred in not giving the case consideration on its merits as an appeal
 
 de
 
 novo, but instead considered and decided the case merely as a review of the record certified by appellee.
 

 “ (2) There was not sufficient evidence to sustain the judgment and decree of the court in affirming the decision of appellee.
 

 “(3) The court erred in its findings, declination, judgment and decree embodied in the entry of judgment filed in said court on April 7, 1947.
 

 “ (4) The court erred in overruling appellant’s motion for new trial filed April 17, 1947.
 

 
 *228
 
 “ (5) The court erred in other respects apparent upon the face of the record.”
 

 Appellant (appellee here) filed no bill of exceptions.
 

 The writer is of the opinion that it would serve no real end to remand this case to the Court of Appeals when no bill of exceptions was filed in that court. The single error upon which the court below based its decision was determined from the transcript. However, the majority of this court is of the opinion that this case should be remanded to the Court of Appeals.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is reversed and the cause remanded to the Court of Appeals for further proceedings according to law.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart and Taet,. JJ., concur.
 

 Weygandt, C. J., dissents.