**BURGER et, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5295.   Decided January 3, 1956.

Roger Chacksfield, Cincinnati, Nelson Lancione, Columbus, for appellant.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By HORNBECK, J.

Submitted upon motion of appellant for rehearing on our opinion of September 21, 1955, affirming the judgment of the Common Pleas Court which had affirmed an order of defendant Board revoking certain permits of appellant.

Although our rules do not provide for applications for rehearing, it has been our practice to entertain such applications if it appears that in our original opinion we have failed to observe some controlling principle which, if applied, would require a different finding. Our decision when released was in accord with the construction of the nature of the review in these cases as defined in **Farrand v. State Medical Board, 151 Oh St 222, 85 N. E. 2d 113.**

Although the judgment entry in the Common Pleas Court merely recites that:

"The court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law,"

following the rule announced by the Supreme Court in the cases of **Andrews, Jr., d. b. a. Buffalo Grill and Hotel v. Board of Liquor Control,**

and **Rufo, d. b. a. Mickey's Cafe v. Board of Liquor Control, 164 Oh St 275**, Ohio Bar, November 28, 1955, we resort to the opinion of the trial judge and there find that he said:

"In an appeal of this nature it is not the function of this court to weigh the evidence nor to determine the credibility of the witnesses as upon a trial de novo."

Thus it becomes clear that the Common Pleas Judge, acting fully in accord with all of our holdings since the Farrand case, heard the appeal as upon questions of law and not de novo. In so acting the trial judge erred. First syllabus of the above cases which we hereinafter refer to as the Andrews case.

The rehearing will be allowed, the cause reversed and remanded to the Common Pleas Court for further proceedings according to law.

This court now has pending several such appeals as here involved which will be controlled by the Andrews case and others will come to us which may be affected not only by the foregoing case, but by certain provisions of §119.12 R. C., as effective October 21, 1953, and Amended Senate Bill No. 71, amending §§2501.02, 2505.21. R. C., effective October 1, 1955. The former section was considered briefly and in part only and the latter not at all in the Andrews case.

We are hopeful that the legal profession, and possibly the Supreme Court, in the light of the foregoing legislation, will give further consideration to the impact of the Andrews opinion upon future procedural questions in appeals from orders of administrative agencies and particularly, the Board of Liquor Control.

The Andrews case, although it says that the review in the Common Pleas Court is not a complete de novo hearing, holds, in effect, that it is a modified de novo trial.

It should be noted that the Andrews decision did not reverse the Farrand case which holds:

"1. The word 'appeal,' as used in §154-73 GC, means the proceedings whereby a court reviews the action or decision of an administrative agency and affirms, reverses, vacates or modifies an order of the agency complained of in the appeal. The court may not substitute its judgment for that of the agency but is confined to determining the rights of the parties in accordance with the statutes and other law applicable.

"2. The word 'appeal,' as used in §154-73 GC, does not authorize a trial de novo of the matter which was before an administrative agency "

Our holding in the Farrand case was that the Common Pleas Court, in appeals from an administrative agency, when the record had been made up from the transcript of evidence before the agency together with original testimony taken in the Common Pleas Court, was required to consider the appeal, in part, at least, as upon a de novo trial. The bases for this decision were: (1) That the section provided that the hearing shall proceed as in the *trial of a civil action.* (Emphasis ours.) Law appeals do not so proceed. (2) That it was illogical to hold that the Common Pleas Court could consider in a law review evidence taken originally in that court which was never before the Board. Judge Turner, in the opinion of the Court, Chief Justice Weygandt only, dissenting, in the syllabus, discarded our theory and held as we have here-

tofore quoted. We, and, no doubt, the Common Pleas Courts, have followed the Farrand case in scores of cases and were of opinion that the Amendment to §145-73 GC in 1951 did not change the type of appeal.

Former §145-73 GC, as amended in 1951, §119.12 R. C., makes but two material changes in the statute which was construed in the Farrand case: (1) It spells out the degree of proof to be found as a prerequisite to the judgment; and in addition to an affirmance, reversal, or modification of the order of the Board, (2) The court may make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The form that the judgment may take is common to law appeals. Section 6, Article IV, Ohio Constitution; §§2505.24, 2505.27 R. C.

Insofar as we are cognizant, the Andrews opinion is the first that has made the degree of proof the test in determining whether or not an appeal should be heard de novo or as upon a law review. Determination of different degrees of proof is made in many appeals which are recognized as upon questions of law, viz., all civil cases where the court on review tests the record, in its entirety, to determine if the judgment is manifestly against the weight of the evidence; in criminal cases where the test is whether or not the evidence reaches the degree of proof required,—beyond a reasonable doubt; reviews of orders of the Board of Tax Appeals and of the Public Utilities Commission where the Supreme Court determines whether the orders appealed from are reasonable and in which that court has said many times it will not substitute its judgment for the judgment of these Boards.

The Andrews opinion draws considerable support for its conclusion that the appeal there under consideration was not strictly upon law and fact because, by the provision of §119.12 R. C., the appeal is heard in the Common Pleas Court upon the record as certified by the agency and such additional evidence as the court may admit. In this connection, attention is directed to the provisions of Amended Senate Bill No. 71, §2505.21 R. C., in which marked change is made as to the composition of the record in appeals on questions of law and fact. The record now in such appeals is restricted to and consists of:

"Such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice, the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

Thus, in all appeals on questions of law and fact, the record in the appellate court is made up in part, or in whole, from the record below.

Amended Senate Bill No. 71, §2501.02 R. C., also defines certain classes of actions upon which appeals on questions of law and fact may be prosecuted and restricts those classes of actions to ten in number, none of which includes the class of cases arising under the administrative code. The section further provides:

"In all cases not falling within the classes designated above the court of appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

We realize that this section, in the first instance, is considering only

appeals from courts of record inferior to the Court of Appeals, but the language just quoted is all-inclusive. This legislation having been enacted subsequent to the amendment to §154-73 GC, in 1951, and of October 21, 1953, may have some effect in the construction of the statute controlling subsequent appeals.

After the opinion in the case of Corn v. Board of Liquor Control, 160 Oh St 9, holding that the Court of Appeals had no jurisdiction to entertain an appeal of the Board of Liquor Control from an adverse judgment of the Common Pleas Court, the Legislature enacted Amended §119.12 R. C., effective October 21, 1953. It is reasonable to assume that the Legislature in granting to the Board the right of appeal to the Court of Appeals intended to accord to it the same right as to a permittee, if an appellant. The Amendment reads:

"Such appeals may be taken either by the party or agency and shall proceed as in the case of appeals in civil actions as provided in §2505.01 to §2505.45, inclusive, R. C. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record." (Emphasis ours.)

This language imposes on the appellate court on review of the entire record the same obligation as upon the Common Pleas Court on an appeal from the Board, viz., to determine if the judgment is supported by reliable, probative and substantial evidence. But the appeal is designated as an appeal on questions of law.

The Board of Liquor Control is a quasi-judicial body as to which Judge Turner in the Farrand case said, at page 224, 151 Oh St, of the opinion:

"The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of men equipped with the necessary knowledge and experience pertaining to a particular field in providing for an appeal from the decision of such a board or commission. The General Assembly did not intend that a court should substitute its judgment for that of the specially created board or commission but did intend to confer a revisory jurisdiction on the court. Otherwise, the section would not have contained the provision, 'in the hearing of the appeal the court shall be confined to the record as certified to it by the agency, provided, however, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.'

"We are of opinion that this last quoted provision is inconsistent with a de novo hearing whereby the court substitutes its judgment for that of the agency which heard the facts."

The language quoted by Judge Turner is still found in Amended

544

§154-73 GC, §119.12 R. C. By the Andrews opinion there is taken away from administrative boards the benefit of the prerogative which has always been accorded even to a juror, viz., the right to determine the credibility of witnesses and placed it in the jurisdiction of the Common Pleas Courts of 88 counties.

We felt that we were well grounded in our opinion in the Farrand case but readily adopted the contrary conclusion enunciated by the Supreme Court. Subsequent legislation in our opinion, tends to strengthen the Farrand judgment, which, though not overruled in the Andrews case, has by that decision lost most of the reasons supporting the former judgment.

MILLER, PJ, concurs.
WISEMAN, J, not participating.