OPINION
Abel P. Borromeo, M.D., appellant, appeals the October 5, 1999 judgment of the Franklin County Court of Common Pleas affirming the order of the State Medical Board of Ohio, appellee, refusing to reinstate appellant's medical license.
Appellant was licensed to practice medicine and perform surgery in Ohio in 1974. Appellant was also licensed to practice medicine in West Virginia. In 1990, appellant was found guilty by a United States District Court in Charleston, West Virginia, of fifty-two felony counts of distribution and aiding and abetting distribution, in violation of Section 841(a)(1), Title 21, U.S. Code and Section 2, Title 18, U.S. Code and one felony count of violating the Racketeer Influence and Corrupt Organizations Act, Section 1962(C), Title 18, U.S.Code. The counts arose out of appellant writing prescriptions for controlled substances for five of his patients. Appellant was sentenced to prison for seventy-eight months and served sixty-six months before being released for good behavior. On November 14, 1990, the West Virginia Board of Medicine revoked appellant's West Virginia medical license based upon his convictions. On December 5, 1990, the State Medical Board of Ohio ("Board") revoked appellant's license to practice medicine and perform surgery in Ohio based upon R.C. 4731.22(B)(3) and 4731.22(B)(9).
In April 1997, appellant requested that the Board reinstate his certificate to practice medicine and perform surgery in Ohio. On October 8, 1997, the Board issued a notice of opportunity for hearing. A hearing was held before an administrative hearing officer on January 6, 1998. On February 5, 1998, the hearing officer recommended that appellant's application be denied pursuant to R.C. 4731.22(B)(9). On March 11, 1998, the Board adopted the recommendation of the hearing officer to deny appellant's application.
On March 27, 1998, appellant appealed the Board's decision to the Franklin County Court of Common Pleas. On October 5, 1999, the trial court found that the Board's order was supported by reliable, probative, and substantial evidence and affirmed the order of the Board. Both appellant and his counsel filed notices of appeal, and the appeals were consolidated. Appellant asserts the following three assignments of error:
 I. THE COURT OF COMMON PLEAS FAILED ITS SACRED RESPONSIBILITY TO PROVIDE A MEANINGFUL JUDICIAL REVIEW BY UPHOLDING THE DECISION OF THE MEDICAL BOARD DESPITE THE VIOLATION OF APPLICANT'S RIGHT[S] UNDER THE FIFTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1. (sic) SECTION 16 OF THE OHIO CONSTITUTION[.]
 II. THE COURT OF COMMON PLEAS ERRED IN SUPPORTING THE DECISION OF THE MEDICAL BOARD WHICH EX POST FACTO RULED THE PERMANENT REVOCATION DESPITE MITIGATING FACTORS PRESENTED AT THE HEARING AND WITHOUT EVIDENCE THAT APPELLANT CONTINUE (sic) TO BE A DANGER TO PUBLIC HEALTH AND SAFETY.
 III. THE COURT OF COMMON PLEAS ERRED IN GIVING THE STATE MEDICAL BOARD THE BLANKET AUTHORITY TO GRANT OR DENY MEDICAL LICENSE (sic) IN ANY CIRCUMSTANCES. THE COURT PURSUANT TO R.C. 119.12 IN RELATION TO R.C. 4731.22(B) SHOULD DETERMINE IF THERE IS EVIDENCE SUPPORTING THE BOARD'S DECISION TO REFUSE TO REINSTATE APPELLANT'S MEDICAL LICENSE AS OPPOSED TO LIMITING, REPRIMANDING OR PLACING ON PROBATION AND SUBJECT TO TERM OF PROBATION.
Appellant sets forth numerous arguments under his first assignment of error that relate to one or more of the stated assignments of error. In addition, the argument section of appellant's brief contains only two assignments of error, and the two assignments of error in his brief do not coincide with any of the three stated assignments of error above. Therefore, we will address the arguments presented without regard to the numerical designation given the assignments of error.
In an appeal from a State Medical Board's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621; R.C. 119.12. Reliable, probative, and substantial evidence has been defined as follows:
 (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571.
However, an appellate court's review is even more limited than that of the trial court. Pons, at 621. While it is incumbent on the trial court to examine the evidence, the appellate court is to determine only if the trial court abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Id.
Instead, the appellate court must affirm the trial court's judgment. Id.
In Pons, the Ohio Supreme Court held:
 Moreover, when reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession. The policy reason for this was noted in Arlen v. State (1980), 61 Ohio St.2d 168, 173 * * * 399 N.E.2d 1251, 1254-1255: "`* * * The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of [people] equipped with the necessary knowledge and experience pertaining to a particular field. * * *'" [Quoting Farrand v. State Med. Bd. (1949), 151 Ohio St. 222, 224, 39 O.O. 41, 42, 85 N.E.2d 113, 114.] Id., at 621-622.
Therefore, absent an abuse of discretion of the trial court, this court must affirm the trial court's judgment.
Several of appellant's arguments assert that both the Board and trial court's actions denied him due process. To be consistent with the Due Process Clause, deprivation of a right, including revocation of a professional license, must be preceded by notice and a hearing. In the Matter of Mattie L. Vaughn, M.D.
(Nov. 30, 1995), Franklin App. No. 95APE05-645, unreported. Determining the type of hearing that minimally comports with due process requires a balancing of the governmental and individual interests at state. Korn v. Ohio State Medical Bd. (1988),61 Ohio App.3d 677, 684. Ohio's Due Course Clause in Section 16, Article I of the Ohio Constitution is equivalent to the Due Process Clause of the Fourteenth Amendment. Sorrell v. Thevenir
(1994), 69 Ohio St.3d 415, 422. Appellant does not contest in any manner that he was not given notice or hearing, and we find that the Board's action, in this respect, comported with the requirements of due process.
Appellant's first argument seems to stem from his assertion that the outcome of the Board hearing was a "preconceived determination of a guilty verdict based solely upon the ground of the license revocation in 1990, which was not contested by the Appellant." (Emphasis sic.) However, R.C.4731.22(B)(9) clearly permits the Board to refuse to grant an application for reinstatement based solely on a plea of guilty or a judicial finding of guilt of a felony. Further, the Board can rely on the same conviction to deny restoration of a license that served as the original grounds for the revocation of that license. See Bouquett v. State Med. Bd. (1997), 123 Ohio App.3d 466; see, also, DeBlanco v. Ohio State Medical Bd. (1992), 78 Ohio App.3d 194. Therefore, this argument is without merit.
Appellant next argues that the Board did not consider certain mitigating factors before denying his application. However, the minutes from the Board's March 11, 1998 meeting reveal that the Board acknowledged that it had received, read, and considered the report and recommendation of the hearing examiner, the hearing record, and appellant's objections to the examiner's report. These items contained the evidence and testimony regarding the mitigating factors put forth by appellant. Each member of the Board also stated that they understood that the disciplinary guidelines did not limit the sanction to be imposed and that the range of available sanctions in each matter ran from dismissal to permanent revocation. Thus, the Board clearly had the mitigation evidence before it for consideration when determining whether to deny appellant's application for reinstatement but found such evidence unpersuasive. Although appellant's efforts to rehabilitate and seek education and counseling are commendable, they do not guarantee reinstatement. We find this argument also without merit.
Appellant next argues that his criminal conviction, in addition to the Board's subsequent decision to deny his application to reinstate, violated his constitutional rights against excessive and multiple punishments. However, in In theMatter of Mattie L. Vaughn, M.D., supra, we found that theEighth Amendment generally applies only to criminal prosecutions and punishments. Id.; see, also, Browning-Ferris Industries ofVermont, Inc. v. Kelco Disposal, Inc. (1989), 492 U.S. 257,109 S.Ct. 2909; Ingraham v. Wright (1977), 430 U.S. 651, 664-668,97 S.Ct. 1401, 1408-1411; State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, 280; In re Complaint of Sarver (1990),70 Ohio App.3d 471, 479. Therefore, we find that the Board's revocation of appellant's certificate is not subject to review under theEighth Amendment. We further found in Vaughn that, as a general rule, a sentence that falls within the terms of a valid statute cannot amount to cruel and unusual punishment. Vaughn, supra, citingMcDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69. Clearly, the sentence in the present case fell within the terms of R.C.4731.22(B)(9). Therefore, even assuming that revocation of appellant's certificate was reviewable under the Eighth Amendment, the revocation would not be unconstitutional. Therefore, this argument is without merit.
Appellant next argues that the revocation of his license violates the Double Jeopardy Clause of the United States Constitution because his license was revoked in addition to serving his prison sentence. The Double Jeopardy Clause of the United States Constitution protects against three types of violations: (1) prosecuting a defendant again for the same conduct after an acquittal; (2) prosecuting a defendant for the same crime after conviction; and (3) subjecting a defendant to multiple criminal punishments for the same conduct. State v. Gustafson
(1996), 76 Ohio St.3d 425, 432. Appellant argues that the Board violated the third factor by revoking his license while he served in prison for the same conduct.
However, the Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same conduct. Hudson v. United States (1997), 522 U.S. 93,118 S.Ct. 488, citing Helvering v. Mitchell (1938), 303 U.S. 391, 399,58 S.Ct. 630, 633. Clearly, the General Assembly intended the penalties imposed by the Board to be civil in nature. The Supreme Court of Ohio has held that the powers that the General Assembly has bestowed upon the Board are administrative in character and not judicial. France v. State (1897), 57 Ohio St. 1, paragraph one of the syllabus; Hyde v. State Medical Bd. (1986), 33 Ohio App.3d 309. Quintessential criminal punishments may be imposed only "by a judicial trial." Wong Wing v. United States (1896), 163 U.S. 228,235, 16 S.Ct. 977, 980. Further, it is well established that the Medical Practices Act (R.C. Chapter 4731) is a valid exercise of the state's police power to regulate the public health and welfare and is constitutional. Williams v. Scudder (1921), 102 Ohio St. 305;Nesmith v. State (1920), 101 Ohio St. 158. The General Assembly has given the Board the duty to safeguard the public's interest in having competent, properly trained and educated, experienced doctors. State ex rel. Copeland v. State Med. Bd.
(1923), 107 Ohio St. 20. Therefore, the purpose of the revocation and subsequent denial of the application for reinstatement was not punishment or criminal in nature, but rather for the protection of the public health and welfare of the citizens of Ohio. Appellant's argument is without merit.
Appellant next asserts that the December 5, 1990 order and entry was not designated as a permanent revocation of his medical license and the Board's denial of his application to reinstate in effect permanently revokes his license in violation of the ex post facto prohibition contained in Section 10, ArticleI of the United States Constitution. This argument is without merit. In Beazell v. Ohio (1925), 269 U.S. 167, 46 S.Ct. 68, the United States Supreme Court stated that "any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission * * * is prohibited as ex post facto."Id. at 169-170. Even if, assuming arguendo, the Board's initial determination to revoke appellant's license could be termed "punishment," it cannot be said that the subsequent denial of appellant's application to reinstate made the initial punishment any more burdensome. The original action by the Board was a revocation. The subsequent denial of appellant's application to reinstate did not exact a further punishment but only continued the initial revocation. Appellant's logic would require the Board to grant every application to reinstate a revocation, which was not delineated as permanent, without regard to the circumstances and without discretion. Clearly, this is an illogical result. Therefore, we find this argument without merit.
Appellant also asserts that the trial court abused its discretion by "reinforcing the excesses committed by the medical board." Under this argument, appellant reasserts several contentions that we have already addressed above. In addition, appellant seems to think the trial court improperly gave blanket deference to the Board regarding the sanction imposed in finding:
 Under time honored Ohio case law, Henry's Café vs. Board of Liquor Control (1958), (sic) 170 Ohio St. 233, a reviewing court has no authority to alter a penalty imposed by an administrative agency if the underlying decision passes the substantial evidence test. Regardless of whether other doctors convicted of felonies receive a different consideration from the Board, the Board here has exercised its professional judgment on the issue of the severity and duration of punishment in Appellant's case. Under Henry's, supra, this Court has no authority to change that judgment.
Under R.C. 4731.22(B), the Board is authorized to "limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for" violations under R.C.4731.22(B)(9). It has been consistently held that once the common pleas court finds that the existence of a violation is supported by reliable, probative, and substantial evidence, it cannot modify a penalty authorized by R.C. 4731.22(B). Roy v. Ohio State Med.Bd. (1992), 80 Ohio App.3d 675, 683; DeBlanco, supra, at 202 citing Henry's Cafe, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233; Sicking v. Ohio State Medical Bd. (1991),62 Ohio App.3d 387, 395. Further, the Board does not have to consider its guidelines but, instead, must consider the range of sanctions set forth in R.C. 4731.22(B). See Garwood v. Ohio State Medical Bd.
(May 5, 1998), Franklin App. No. 97APE10-1325, unreported, citingBrost v. Ohio State Medical Bd. (1991), 62 Ohio St.3d 218, 221, and Roy, supra, at 682-683.
In the present case, the trial court correctly determined that the Board's finding, that appellant violated provisions of R.C. 4731.22(B), was supported by reliable, probative, and substantial evidence, and the Board imposed a penalty authorized by law. As a result, the trial court did not abuse its discretion in refusing to reconsider the Board's decision to not reinstate appellant's license. Therefore, we find this argument without merit.
Accordingly, we find that the trial court did not abuse its discretion in concluding that there was reliable, probative, and substantial evidence that appellant violated the statute and rules cited by the Board. Appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT and GREY, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.