[Cite as *Singer v. Davids*, 2011-Ohio-4434.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DAN R. SINGER | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-55 |
| KELLY DAVIDS, SUPERINTENDENT | : | |
| OF THE OHIO DIVISION OF REAL | : | |
| ESTATE AND PROFESSIONAL | | |
| LICENSING | | |
| | : | |
| Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
                             Common Pleas Case No. 09-CV-940


JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      August 25, 2011


APPEARANCES:

For Appellant:                          For Appellee:

RAY R. MICHALSKI 0015793                CHERYL R. HAWKINSON 0055429
Dagger, Johnston, Miller, Ogilvie &     Assistant Attorney General
Hampson, LLP                            30 E. Broad St., 26th Fl.
144 E. Main St.                         Columbus, Ohio 43215
P.O. Box 667
Lancaster, Ohio 43130


*Delaney, J.*

{¶1} Appellant Dan R. Singer, Ohio Certified General Real Estate Appraiser Number 0000382990, appeals from the judgment of the Fairfield County Court of Common Pleas, affirming the Order of the Ohio Division of Real Estate and Professional Licensing finding that Appellant failed to follow appropriate standards in conducting a real estate appraisal.

{¶2} The procedural and factual history of this case is as follows:

{¶3} This matter came before the Fairfield County Court of Common Pleas based on Appellant's appeal from a June 26, 2009, Adjudication Order of the Ohio Real Estate Appraise Board ("Board"), finding that Appellant violated R.C. 4763.11(G)(4), (G)(5), and (G)(6). Specifically, the Board adopted a Hearing Officer's report that found that Appellant plagiarized portions of a previous real estate appraisal report completed by another appraiser. The Board imposed a $2,500 civil penalty, imposed additional educational requirements and suspended Appellant's license for 120 days.

{¶4} Appellant, a licensed professional appraiser, was retained by Peoples Bank to appraise The Woods Subdivision, a residential development located in Fairfield County, Ohio. The agreement required Appellant's appraisal to conform to the Uniform Standard Professional Appraisal Practices ("USPAP"), to summarize the physical and economic characteristics of The Woods Development and to summarize sufficient information to disclose to the intended user the scope of the work used to develop the appraisal. Appellant had been advised by David Dozer, the developer of the subdivision, that the property had been appraised by another appraiser before any construction had commenced on the development. That prior appraisal was completed by Daniel Smith of Daugherty Appraisers, Inc. (The "Daugherty appraisal").

{¶5}   Appellant requested a copy of the Daugherty appraisal.  In Appellant's report, he used the same format and some of the substantive language that was used in the Daugherty appraisal.  Appellant provided his report to Carey Klies, an Appraisal Review Specialist for Peoples Bank.  Upon receiving Appellant's appraisal, Klies sent an email to Appellant stating that she noticed that "the majority of your report is identical to the last appraisal report, including the absorption rate and all factors used to calculate the value per the income approach (discounted cash flow)."  Klies requested that Appellant revise his report to reflect current market factors and a current market value for the property since the Daugherty report had been completed in September, 2007.

{¶6}   Appellant then collected additional information and submitted a revised report, which contained subdivision comparables information and confirmation of Appellant's calculated absorption rate.

{¶7}   Klies filed a complaint with the Ohio Department of Commerce, Division of Professional Licensing regarding the appraisal work done by Appellant.  Shannon Drawns investigated the complaint and notified Appellant that he was being charged with plagiarizing portions of his report and failing to provide an independent analysis of the information contained within his report.

{¶8}   A hearing was held on July 14, 2008, and August 22, 2008.  At the hearing, evidence was presented concerning the similarities in the Daugherty appraisal and Appellant's reports.  The hearing examiner recommended that the Board find Appellant guilty of dishonesty, fraud, or misrepresentation, with the intent to either benefit the certificate holder, registrant, or licensee or another person or to injure another person.  Additionally, the officer recommended that Appellant be found guilty of

violating the standards for the development or communication of real estate appraisals set forth in R.C. Chapter 4763 and the Rules of the Board. Moreover, the officer recommended that Appellant be found guilty of failing or refusing to exercise reasonable diligence in developing an appraisal, preparing an appraisal report, or communicating an appraisal. The officer did not recommend that Appellant be found guilty of negligence or incompetence in developing the appraisal, in preparing the appraisal report or in communicating an appraisal even though Appellant had originally been charged with those infractions. In addition, the officer found a lack of evidence to support a recommendation that Appellant be found guilty of willfully disregarding or violating R.C. 4763 or any of the Rules adopted under that Chapter of the Revised Code.

{¶9} Appellant filed objections to the officer's report and the full Board reviewed the hearing examiner's report and Appellant's objections. Based on this review, the Board adopted the hearing officer's recommendations.

{¶10} Appellant appealed the finding of the Board to the Fairfield County Court of Common Pleas on July 17, 2009, and argued that the Board's conclusions were factually and legally incorrect. The Ohio Department of Commerce, Division of Real Estate and Professional Licensing filed the record of the administrative proceedings in the trial court on August 7, 2009.

{¶11} The trial court reviewed the transcripts, exhibits that were introduced before the Board, and the briefs of attorneys for both parties.

{¶12} The trial court then issued an opinion on October 8, 2010, finding that it was "impossible to conclude that [Appellant's] use of the Daugherty Appraisal was

misleading under the circumstances." The trial court further found that Appellant "pursued the information necessary to conduct the appraisal and write the appraisal report with all due diligence, unaffected by the availability or use of the Daugherty Appraisal." The court then concluded, however, that by failing to disclose his use of the Daugherty Appraisal in his report, he caused the recipient of the report to "misunderstand the content of the report and question the accuracy of the report's substantive content." Additionally, the court stated that Appellant's failure to disclose his use of the Daugherty Appraisal constituted "a failure to use a recognized technique in reporting the results of any type of research."

{¶13} The lower court also opined that had Appellant indicated in his report that he used the Daugherty appraisal as a "starting point" for his own appraisal report, the entire situation could have been averted.

{¶14} Appellant now appeals from the judgment of the trial court and raises one Assignment of Error:

{¶15} "I. THE LOWER COURT ABUSED ITS DISCRETION IN DECIDING, AS A MATTER OF LAW, THAT: A) APPELLANT'S FAILURE TO SPECIFICALLY DISCLOSE HIS USE OF THE DAUGHERTY APPRAISAL "CONTRIBUTED THE FAILURE OF THE RECIPIENT TO BE ABLE TO USE THE REPORT AS INTENDED AND CONSTITUTED A FAILURE TO USE A RECOGNIZED TECHNIQUE IN REPORTING THE RESULTS OF ANY TYPE OF RESEARCH"; B) APPELLANT'S FAILURE TO DISCLOSE HIS USE OF THE DAUGHERTY APPRAISAL "CAUSED THE RECIPIENT TO MISUNDERSTAND THE CONTENT OF THE REPORT AND TO QUESTION THE ACCURACY OF THE REPORT'S SUBSTANTIVE CONTENT AND

ITS RELIABILITY:; AND, C) APPELLANT'S SIMPLE MENTION OF HIS INTENTION TO USE THE DAUGHERTY APPRAISAL AS A "STARTING POINT FOR HIS OWN APPRAISAL REPORT … COULD HAVE AVERTED THIS ENTIRE SITUATION."

I.

{¶16} In an appeal from an administrative review board's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. R.C. 119.12; *In re Williams* (1991), 60 Ohio St.3d 85, 86, 573 N.E.2d 638, 639. The appellate court's review is even more limited than that of the trial court. "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the * * * board or a trial court. Instead, the appellate court must affirm the trial court's judgment." *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 1993-Ohio-122, 614 N.E.2d 748, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, R*ossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.

{¶17} Moreover, when reviewing a board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession. *Arlen v. State* (1980), 61 Ohio St.2d 168, 173, 15 O.O.3d 190, 194, 399 N.E.2d 1251, 1254-1255. " ' * * * The purpose of the General Assembly in providing for

administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of [people] equipped with the necessary knowledge and experience pertaining to a particular field. * * * ' " Id., quoting *Farrand v. State Med. Bd.* (1949), 151 Ohio St. 222, 224, 39 O.O. 41, 42, 85 N.E.2d 113, 114.)

{¶18} The issue before this Court, then, is whether the trial court abused its discretion in upholding the Board's finding of plagiarism on the part of Appellant. We may not substitute our judgment on behalf of the trial court or the Board.

{¶19} Upon review, we do not find an abuse of discretion on the part of the trial court below.

{¶20} The Appellant obtained a copy of an appraisal previously completed by another appraiser (the Daugherty appraisal) on the same property that Appellant was retained to appraise. The Appellant used portions of the Daugherty appraisal as his own and that he submitted that work to Peoples Bank as his own work. The Board found that the format and wording of the Daugherty appraisal and Appellant's appraisal were nearly identical with at least two pages being a "word-for-word copy."

{¶21} The Appellant's appraisal differed from the Daugherty appraisal in several respects: (1) new absorption rate information; (2) new deed restrictions information; (3) updated information regarding development and physical attributes of the property; (4) new figures regarding gross sales proceeds; (5) new information regarding the income capitalization approach; (6) a new market value; (7) a new excess vacant land chart; and (8) a new reconciliation and final value page.

{¶22} The trial court found that it was "entirely reasonable for the Hearing Officer to find, based on comparison of the two appraisal reports, that they were almost identical in some respects and very different in other respects. In fact, those findings are exactly what one would expect, given [Appellant's] contention that he purposely used the wording and format of the Daugherty Appraisal and inserted new facts and his own analysis where appropriate."

{¶23} The trial court, in its conclusions of law, found as follows:

{¶24} "The Board adopted the conclusions of law of the Administrative Hearing Officer. The Hearing Officer applied the 2006 Uniform Standards of Professional Appraisal Practices ("USPAP") by force of R.C. 4763.11(G). The relevant USPAP provisions were Standards Rule 1-1 and Standards Rule 2-1. USPAP Standards Rule 1-1 requires appraisers to "be aware of, understand, and correctly employ those recognized methods and techniques that are necessary to produce a credible appraisal." USPAP Standards Rule 2-1 provides, "[e]ach * * * appraisal report must (a) clearly and accurately set forth the appraisal in a manner that will not be misleading; (b) contain sufficient information to enable the intended users of the appraisal to understand the report properly; and (c) clearly and accurately disclose all assumptions" and other factors affecting the development of the appraisal report. The hearing officer also applied language from the Frequently Asked Questions section of the USPAP. The applied language was, "Plagiarism is unethical. * * * Presenting an appraisal report as yours when all or part is the work of someone else is clearly misleading."

{¶25} The trial court found that the Hearing Officer's determination that Appellant's use of entire pages of the Daugherty appraisal was plagiarism was well-founded.

{¶26} The trial court did find that Appellant's actions could not have been determined to be misrepresentation with the intent to benefit Appellant. The court also stated that it could not "conclude that the hearing officer's conclusion that [Appellant's] use of the Daugherty Appraisal was misleading * * *. The copied portions of the Daugherty Appraisal that appeared in [Appellant's] appraisal report are so obvious that it is impossible to conclude that [Appellant's] use of the Daugherty Appraisal was misleading under the circumstances."

{¶27} The court also concluded that the Board erred in adopting the Hearing Officer's conclusions of law concerning a lack of diligence on Appellant's part.

{¶28} As a whole, however, the trial court found that the Hearing Officer's conclusions of law, and the Board's decision to adopt those conclusions, were in accordance with the law. Appellant's failure to disclose his use of the Daugherty appraisal in his appraisal report contributed to the failure of the recipient to be able to use the report as intended and constituted a failure to use a recognized technique in reporting the results of any type of research. The court stated, "Because Appellant failed to disclose his use of the Daugherty Appraisal in his report, he caused the recipient to misunderstand the content of the report and to question the accuracy of the report's substantive content and its reliability. A simple mention of [Appellant's] intent to use the Daugherty Appraisal as a starting point for his own appraisal report in order to provide a clearer picture to the intended user could have averted this entire situation."

{¶29} For those reasons, the trial court affirmed the Board's Adjudication Order, which adopted the Hearing Officer's findings.

{¶30} We find the trial court had the discretion to weigh the evidence and make the decision that Appellant violated the standards set forth in the USPAP and under RC 4673. Moreover, we find that the trial court did not abuse its discretion in upholding the determination of the Board. A page by page comparison of the appraisal reports clearly shows Appellant took portions of the Daugherty Appraisal and represented it as his own. Still, Appellant contends on appeal that the trial court committed legal error because (1) there was no evidence that Peoples Bank could not use the Appellant's appraisal report; (2) there is no professional requirement that an appraisal "use their own words" or reference the work of others; and (3) there was no evidence Peoples Bank "misunderstood its contents".

{¶31} We find Appellant's contentions without merit. The USPAP standards clearly delineate that plagiarism is unethical. The trial court simply pointed out that Appellant's citation to the Daugherty appraisal would have put the reader on notice that the source of the data or information was credited to someone else. By failing to acknowledge the Daugherty appraisal in the appropriate manner, Appellant represented the work as his own and by that action committed plagiarism and created a misleading report.

{¶32} In light of the foregoing, we affirm the judgment of the trial court.

{¶33} Appellant's assignment of error is overruled.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY


_____

HON. W. SCOTT GWIN


_____

HON. JOHN W. WISE


IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAN R. SINGER | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KELLY DAVIDS, SUPERINTENDENT OF THE OHIO DIVISION OF REAL ESTATE AND PROFESSIONAL LICENSING | : | |
| | : | |
| Appellee | : | Case No. 10-CA-55 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY


_____

HON. W. SCOTT GWIN


_____

HON. JOHN W. WISE