[Cite as *Singer v. Petit*, 2013-Ohio-1971.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DAN R. SINGER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-43 |
| ANNE M. PETIT | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County Court of Common Pleas, Case No. 2012-CV-00654

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 13, 2013

APPEARANCES:

For Plaintiff-Appellant

RAY R. MICHALSKI
222 South Broad Street
Lancaster, OH  43130

For Defendant-Appellee

CHERYL R. HAWKINSON
KEITH O'KORN
Assistant Attorneys General
30 East Broad St, 26th Floor
Columbus, OH  43215

*Gwin, P.J.*

{¶1} Appellant Dan Singer appeals the July 27, 2012 judgment entry of the Fairfield County Court of Common Pleas.

*Facts & Procedural History*

{¶2} Appellant is a licensed Ohio general real estate appraiser. Appellee is Anne Petit, the Superintendent, Ohio Division of Real Estate and Professional Licensing. On July 2, 2009, the Ohio Real Estate Appraiser Board ("Board") issued an order affirming a hearing officer's report and recommendation finding appellant violated several Uniform Standards of Procedure Appraiser Practices ("USPAP") and the conduct section of the ethics rule. The Board imposed a $2,500 civil penalty, imposed additional continuing education requirements, and suspended appellant's license for 120 days.

{¶3} Appellant appealed the Board's decision to the Fairfield County Common Pleas Court. The trial court found some of appellant's arguments to be well-taken, finding appellant's conduct could not be interpreted as a misrepresentation with the intent to benefit him, appellant's use of another appraisal was not misleading under the circumstances, and there was no lack of reasonable diligence by appellant. However, the trial court found appellant's failure to disclose his use of a previous appraisal report contributed to the failure of the recipient to be able to use the report as intended and constituted a failure to use a recognized technique in reporting the results of any type of research. The trial court concluded "as a whole, the Hearing Officer's conclusions of law and so the Board's decision adopting those conclusions were in accordance with law." Appellee agreed to stay imposition of the sanctions pending appellant's appeal.

This court affirmed the trial court's decision on August 25, 2011 in *Singer v. Davids* 5th Dist. No. 10-CA-55, 2011-Ohio-4434. Appellant did not assign as error or argue any issues regarding the sanctions imposed by the Board. The Ohio Supreme Court declined jurisdiction to hear appellant's case and also declined to consider appellant's motion for reconsideration.

{¶4} After appellant's appeals were exhausted, appellee informed appellant the sanctions would go into effect on May 1, 2012. Appellant then filed a motion for modification of sanctions with the Board. Appellee again stayed the imposition of sanctions until the Board held a hearing on the motion. At a hearing on May 31, 2012, the Board voted to decline to entertain appellant's motion to modify and entered an order to that effect on June 5, 2012. Appellee notified appellant on June 5, 2012 in a letter that his suspension would commence August 1, 2012, the fine was due August 6, 2012, and his additional coursework had to be completed by December 5, 2012. Appellant filed an administrative appeal with the Fairfield County Common Pleas Court from the order of the Board declining to entertain a motion to modify the sanctions. The trial court dismissed appellant's administrative appeal in a judgment entry on July 27, 2012.

{¶5} Appellant filed an appeal of the trial court's July 27, 2012 judgment entry and raises the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN DISMISSING APPELLANT'S ADMINISTRATIVE APPEAL IN THIS CASE."

{¶7} We will not reverse the trial court's judgment in this case unless the trial court abused its discretion in upholding the agency's order. *Pons v. Ohio State Med.*

*Bd.*, 66 Ohio St.3d 619, 614 N.E.2d 748 (1993). "Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the * * * board or a trial court." *Id.* The Supreme Court of Ohio has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶8} Appellee argues the trial court was correct in dismissing the administrative appeal because appellant failed to raise the issue of sanctions with the trial court in the previous administrative appeal and failed to assign the issue of sanctions in the *Singer v. Davids* appeal with this court. We agree.

{¶9} The law of the case doctrine provides that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). A "decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Id.* The law of the case doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *Id.*

{¶10} Appellant cites *Bonham v. McConnell* and *Rossiter v. Ohio State Med. Bd.* for the proposition that the current case is a proper appeal pursuant to R.C. 119.12. 45 Cal.2d 304, 288 P.2d 502; 10th Dist. No. 01AP1252, 2002-Ohio-2017. However, in both cases cited by appellant, the trial court in the original appeal of the agency's adjudication order found some of the violations not supported and remanded the matter back to the agency for reconsideration of the sanction. The cases cited by appellant are

distinguishable from this case because here, the trial court did not remand the matter back to the Board and appellant did not argue in his appeal to this court that the sanctions imposed were not supported by reliable, probative, and substantial evidence and in accordance with the law.

{¶11} In appellant's original appeal of the Board's decision, the trial court found some of appellant's arguments to be well-taken, determining the conclusions of law regarding misrepresentation with intent to benefit appellant, misleading by using another appraisal, and lack of reasonable diligence were not supported by reliable, probative evidence. The trial court found appellant's failure to disclose his use of a previous appraisal report contributed to the failure of the recipient to be able to use the report as intended and constituted a failure to use a recognized technique in reporting results. The trial court concluded "as a whole, the Hearing Officer's conclusions of law and so the Board's decision adopting those conclusions were in accordance with law."

{¶12} Appellant filed an appeal of the trial court's decision with this court, arguing that the trial court abused its discretion because: there was no evidence the bank could not use appellant's appraisal report, there is no professional requirement that an appraisal "use their own words," and there was no evidence the bank misunderstood its contents. In *Singer v. Davids*, we analyzed the arguments of the parties, found appellant's contentions to be without merit, and affirmed the judgment of the trial court. The Supreme Court of Ohio declined jurisdiction of the case and further denied a motion for reconsideration. Thus the question of whether the Board's order sanctioning appellant was supported by reliable, probative, and substantial evidence and was in accordance with law was fully litigated and settled. Pursuant to the law of

the case doctrine, our decision in *Singer v. Davids* remains the law of this case on the legal questions involved for all subsequent proceedings in the case.

{¶13} Here, for the first time in these proceedings, appellant asserts the sanctions imposed by appellee should be modified by the Board. If appellant wanted to argue the sanctions were disproportionate to the trial court's finding or were not supported by reliable, probative, and substantive evidence or in accordance with law, he could have made the argument at the trial court level by requesting a remand to the Board after the trial court issued its original decision or by assigning the trial court's failure to modify the sanctions or remand to the Board to modify the sanctions based on the trial court's decision as an error in the *Singer v. Davids* appeal. Appellant did not assert this argument during the previous administrative appeal at the trial court level, during the prior appeal to this court, or as a basis for reconsideration thereof. Accordingly, based on the law of the case doctrine, appellant is precluded from asserting an argument in this appeal that could have been raised, but was not, during the first appeal.

{¶14} For the foregoing reasons, we find the trial court did not abuse its discretion in dismissing appellant's administrative appeal.  The judgment of the Fairfield County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

WSG:clw 0425

[Cite as *Singer v. Petit*, 2013-Ohio-1971.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAN R. SINGER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANNE M. PETIT | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-43 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Common Pleas Court is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER