Charlotte **BUERO** and Robert Buero, Plaintiffs,

v.

Victor **TRIERWEILER**, et al.,
Defendants.

William **BUERO**, Plaintiff,

v.

Victor **TRIERWEILER**, et al.,
Defendants.

Civ. A. Nos. 77–30002, 77–30004.

United States District Court,
E.D. Michigan, S.D.

Aug. 29, 1985.

Samuel W. Barr, Troy, Mich., for Charlotte & Robert Buero.

Hugh M. Davis, Jr., Detroit, Mich., for William Buero.

Thomas A. Kulick, Mark E. Blumer, Asst. Attys. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

The Court again has before it plaintiffs' request for attorney fees in the two above captioned civil rights actions. In these actions, the plaintiffs brought suit against four Michigan State Troopers under 42 U.S.C. § 1983 alleging that they had violated various of the plaintiffs' federal constitutional rights. The plaintiffs also raised pendent state claims. Both the federal constitutional claims under Section 1983 and the pendent state claims were predicated on charges of false arrest, false imprisonment, use of excessive force, illegal search and seizures, malicious prosecution, and intentional infliction of mental distress.

The two actions were consolidated and tried to a jury which returned a verdict in favor of the plaintiffs.

As to plaintiff Charlotte Buero, the jury found that the defendants were liable to her only on her pendent state claim for intentional infliction of mental distress. In accordance with that finding, the jury awarded her $50,000.00 in compensatory damages and $20,000.00 in punitive damages. Similarly, as to plaintiff Robert Buero, the jury found in his favor only on the same pendent state claim and awarded him $5,000.00 in compensatory damages and $12,500.00 in punitive damages. The jury found against Charlotte and Robert Buero on each of their federal constitutional claims. Attorney Samuel W. Barr represented both of these plaintiffs.

As to plaintiff William Buero, the jury found that the defendants had violated his federal constitutional rights as raised in his claim under 42 U.S.C. § 1983. Based upon that finding, the jury awarded him $1.00 in nominal damages and $10,000.00 in punitive damages. Plaintiff William Buero was represented by Hugh M. Davis, Jr.

Following entry of the verdict returned by the jury, plaintiffs' attorneys filed separate motions for attorney fees and costs under 42 U.S.C. § 1988. Attorney Barr sought $39,800.00 in attorney fees and costs while attorney Davis asked the Court to award him $60,955.87 in fees and costs. The defendants vigorously opposed any award of attorney fees to attorney Barr for the reason that they believed that neither Charlotte nor Robert Buero were prevailing parties within the meaning of 42 U.S.C. § 1988. Alternatively, the defendants argued that the attorney fees requested by Charlotte and Robert Buero were excessive. In regard to the attorney fees requested by attorney Davis, the defendants argued that they were clearly excessive.

The Court considered defendants' objections to the requested attorney fees at length in its opinion dated July 30, 1982. In doing so, the Court rejected defendants' arguments that neither Charlotte nor Robert Buero was a prevailing party within the meaning of 42 U.S.C. § 1988. In reaching that conclusion, the Court relied heavily upon the Sixth Circuit's decision in *Seals v. Quarterly County Court*, 562 F.2d 390 (6th Cir.1977). Based upon its conclusion that Charlotte and Robert Buero were prevailing parties within the meaning of Section 1988, the Court awarded attorney Barr attorney fees and costs in the amount of $28,050.00. Turning to the attorney fees requested by William Buero's attorney, Mr. Davis, the Court found that many of the hours which served as the basis of his requested fee were clearly excessive, duplicative, and unnecessary. Accordingly, the Court struck thirty three percent of attorney Davis' out-of-court hours and awarded him attorney fees and costs in the amount of $32,746.25.

Following entry of the Court's Order, the defendants appealed to the Sixth Circuit 727 F.2d 1108 which remanded the case so that this Court could reconsider the award of attorney fees in light of the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Having reconsidered its opinion in light of *Hensley* and the Supreme Court's more recent decision in *Smith v. Robinson*, — U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Court will strike the award of attorney fees to attorney Barr. Succinctly, the Court now believes that the defendants were correct in arguing that plaintiffs Charlotte and Robert Buero are not prevailing parties within the meaning of 42 U.S.C. § 1988.

A proper resolution of the requests for attorney fees in the case at bar involves not only considerations of how the extent of a plaintiff's success under Section 1983 impacts on the amount of the award under Section 1988, but also considerations of how the joinder of nonfee pendent state claims impacts on a Section 1988 award. *See Smith v. Robinson, supra.*

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that

the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988 [42 U.S.C.S. § 1988]. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, at 440–441, 103 S.Ct. at 1943, 76 L.Ed.2d at 54–55.

Thus, in those cases where a plaintiff has raised several distinct theories and has failed to prevail on each of them and thereby obtains only limited relief, the Court should analyze the request for attorney fees and refrain from awarding fees for those legal services which are unrelated to the theories upon which the plaintiff ultimately prevailed.

Bearing these general principals in mind, the Court believes that it must also consider the importance of the fact that the plaintiffs in the case presently before it alleged not only federal constitutional claims under 42 U.S.C. § 1983, but also nonfee pendent state claims. In this regard, the Court believes that the Supreme Court's decision in *Smith v. Robinson*, —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), is instructive.

The petitioner in *Smith* was an eight year old boy who suffered from cerebral palsy and who sued to obtain "free appropriate education." The petitioner brought suit in federal district court pursuant to both the Education of the Handicapped Act (EHA), 84 Stat. 175 (1975) (codified as amended at 20 U.S.C. §§ 1400 *et seq.*)

(1976), and under 42 U.S.C. § 1983. Having achieved most of the relief sought, the petitioner requested attorney fees under 42 U.S.C. § 1988. The specific question before the Supreme Court was the propriety of such an award.

The petitioner in *Smith* argued that the Court of Appeals had "simply ignored the guidance of this Court in *Maher v. Gagne* [448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)], supra, that a prevailing party who asserts substantial but unaddressed constitutional claims is entitled to attorney's fees under 42 U.S.C. § 1988...." *Smith*, at ——, 104 S.Ct. at 3465, 82 L.Ed.2d at 760. The Supreme Court rejected that argument and, in doing so, reaffirmed many principles applicable in the case now in issue. While the Supreme Court ultimately concluded in *Smith* that, in enacting the EHA, Congress intended to preclude reliance on Section 1983, *Id.* at ——, 104 S.Ct. at 3469, 82 L.Ed.2d at 765, this Court does not believe that that fact alone diminishes the precedential value of *Smith* in the case at bar.

Initially, the Supreme Court noted in *Smith* that "if a litigant could obtain fees simply by an incantation of § 1983, fees would become available in almost every case." *Id.* at ——, 104 S.Ct. at 3465, 82 L.Ed.2d at 759 (footnote omitted). By that language, the Court was clearly indicating that it disapproved of such a view of Sections 1983 and 1988. The Supreme Court went on to note two important observations which are directly relevant to this case. First, the Court noted that

In light of the requirement that a claim for which fees are awarded be reasonably related to the plaintiff's ultimate success, it is clear that plaintiffs may not rely simply on the fact that substantial fee-generating claims were made during the course of the litigation. Closer examination of the nature of the claims and the relationship between those claims and petitioners' ultimate success is required.

*Id.* at ——, 104 S.Ct. at 3467, 82 L.Ed.2d at 762.

Shortly thereafter, in a footnote, the Court wrote:

> Where it is clear that the claims that provide for attorney's fees had nothing to do with a plaintiff's success, *Hensley v. Eckerhart,* supra, requires that fees not be awarded on the basis of those claims. *Id.* at —— n. 12, 104 S.Ct. at 3468 n. 12, 82 L.Ed.2d at 763, n. 12.

█ Bearing the principals announced in *Hensley, supra,* and *Smith, supra,* closely in mind, and accepting that factual similarity is an insufficient basis for an award of Section 1988 attorney fees, *Smith* at ——, 104 S.Ct. at 3465, 82 L.Ed.2d at 759, the Court finds that it must strike its earlier award of attorney fees to attorney Barr. Succinctly, the Court believes that neither Charlotte nor Robert Buero is a prevailing party under 42 U.S.C. § 1988 in that the jury found against both of these plaintiffs on their federal constitutional fee-generating claims. Although the jury did find in favor of Charlotte and Robert Buero on their nonfee pendent state claims, the Court finds that this is an insufficient basis for an award of attorney fees. To allow attorneys fees in such a case would be to allow them on the basis of factual similarity alone and to allow attorney fees where it is clear that state law would not otherwise do so.

█ Having reviewed the Court's earlier decision in regard to the award of attorney fees to attorney Davis, the Court finds no palpable error. Therefore, the Court will abide by and affirm its earlier award of fees to attorney Davis.

Accordingly, the Court's earlier decision is hereby modified to the extent that the award of attorney fees to attorney Barr under 42 U.S.C. § 1988 is stricken and the requested fees disallowed. The Court will affirm its earlier award of fees to attorney Davis.

IT IS SO ORDERED.