[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 484.]

MCCLAIN *v.* NORTHWEST COMMUNITY CORRECTIONS CENTER, JUDICIAL

CORRECTIONS BOARD, ET AL.

[Cite as *McClain v. Northwest Community Corr. Ctr., Judicial Corr. Bd.*,

2002-Ohio-2586.]

*Employer and employee—Public employment—Department of Rehabilitation and Correction—Community-based correctional facility—Termination of employment.*

(No. 2001-1312—Submitted March 13, 2002—Decided June 19, 2002.)

On Order from the United States District Court for the Northern District of Ohio, Western Division, Certifying Questions of State Law, No. 3:00CV-7648.

_____

{¶1} The United States District Court for the Northern District of Ohio, Western Division, has certified the following questions to us:

{¶2} "(1) Is an employee of a judicial corrections board hired to the staff of a community based correctional facility an at-will employee who serves at the pleasure of the Board?"

{¶3} The court declines to answer this certified question.

{¶4} "(2) Is an employee of a judicial corrections board hired to staff a community based correctional facility, who is subject to a 120 day initial review period pursuant to Board policy, entitled to 'due process' in the termination of her employment pursuant to O.A.C. Section 5120:1-14-03(P) and R.C. Section 5120.111?"

{¶5} The court answers certified Question No. 2 in the affirmative.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., concur separately.

LUNDBERG STRATTON, J., dissents.

_____

**DOUGLAS, J., concurring.**

{¶6} I concur in the judgment of the majority. I would, however, also answer question No. 1, and I would answer it in the negative.

F.E. SWEENEY, J., concurs in the foregoing concurring opinion.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶7} Because I would find that an employee of a judicial corrections board hired to staff a community-based correctional facility is an at-will employee who serves at the pleasure of the board and is not entitled to due process in the termination of her employment pursuant to Ohio Adm.Code 5120:1-14-03(P) and R.C. 5120.111, I respectfully dissent.

{¶8} Certified Question No. 1 asks: "(1) Is an employee of a judicial corrections board hired to the staff of a community based correctional facility an at-will employee who serves at the pleasure of the Board?" I would answer this question in the affirmative.

{¶9} Certified Question No. 2 asks: "(2) Is an employee of a judicial corrections board hired to staff a community based correctional facility, who is subject to a 120 day initial review period pursuant to Board policy, entitled to 'due process' in the termination of her employment pursuant to O.A.C. Section 5120:1-14-03(P) and R.C. Section 5120.111?" I would answer this question in the negative.

{¶10} R.C. 2301.55(A)(1) provides that the board "shall appoint and fix the compensation of the director of the facility and program and other professional, technical, and clerical employees who are necessary to properly maintain and operate the facility and program." The board becomes, in essence, the *employer* as the operator of the facility. R.C. 5120.112(C)(3) requires that staff are to be

2

considered employees of the facility and program. No statute creates a classified position for such employees; they serve at the discretion of the board.

{¶11} However, in the process of drafting administrative rules, the Department of Rehabilitation and Correction erroneously added "due process" to the Administrative Code provisions to alter the state's at-will employment policy. Due process implies protections that are not required by law in a probationary period for an at-will employee. R.C. 5120.111 grants rule-making authority regarding community-based correctional facilities to the Ohio Department of Rehabilitation and Correction:

{¶12} "With respect to community based correctional facilities and programs    * * *, the department of rehabilitation and correction shall do all of the following:

{¶13} "(A) Adopt rules * * * that serve as criteria for the operation of community-based correctional facilities and programs * * *;

{¶14} "(B) Adopt rules * * * prescribing the minimum educational and experience requirements that must be satisfied by persons who staff and operate the facilities and programs;

{¶15} "(C) Adopt rules * * * governing the procedures for the submission of proposals for the establishment of community-based correctional facilities and programs * * *;

{¶16} "* * *

{¶17} "(E) Adopt rules * * * that prescribe the standards of operation and the training and qualifications of persons who staff and operate the facilities and programs and that must be satisfied for the facilities and programs to be eligible for state financial assistance."

{¶18} The conflict in this case is with the administrative rules promulgated by the Ohio Department of Rehabilitation and Correction that provide:

{¶19} "(P) Persons hired to staff community based correctional facilities and programs shall be unclassified employees of judicial corrections boards or contract providers. Each judicial corrections board shall develop and adopt personnel policies and procedures for hiring, promoting, demoting, suspending, and removing its employees. The personnel policies and procedures shall provide for due process and equal employment opportunity." Ohio Adm.Code 5120:1-14-03(P).

{¶20} By providing for *unclassified* status, yet requiring *due process* in the same sentence, Ohio Adm.Code 5120:1-14-03(P) grants rights to unclassified employees that do not exist under Ohio law, thus setting up a conflict between statutes and administrative rules.

{¶21} This court has previously discussed at length the differences between legislation and administrative rules in *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 566-567, 697 N.E.2d 198:

{¶22} "Legislative authority is vested with the General Assembly. *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph one of the syllabus. A legislative enactment, or statute, is initially introduced as a bill. Section 15(A), Article II, Ohio Constitution. The introduction of a bill is a manifestation of public policy, which is determined primarily by the General Assembly. See *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672, 673-674.

{¶23} " * * *

{¶24} "Members of the General Assembly are accountable to their constituents because they are elected to office. Section 2, Article II, Ohio Constitution. If the constituents are unhappy with policy determinations made by members of the General Assembly, they can change the makeup of the General Assembly at the voting booth. Thus, in effect, citizens of the state may shape the nature of legislation.

**{¶25}** "The legislative process and accountability are the cornerstones of the democratic process which justify the General Assembly's role as lawmaker. *In contrast, administrative rules do not dictate public policy, but rather expound upon public policy already established by the General Assembly in the Revised Code.* * * *

**{¶26}** "Unlike the legislative process, rulemaking by administrative agencies does not involve the collaborative effort of elected officials. Directors of administrative agencies are appointed by the Governor. R.C. 121.03. It is these directors and/or their employees who propose and adopt administrative rules. Administrative agencies have the technical expertise to compose such rules. *Farrand v. State Med. Bd.* (1949), 151 Ohio St. 222, 39 O.O. 41, 85 N.E.2d 113. However, administrative agencies have no accountability as do the members of the General Assembly." (Emphasis added.)

**{¶27}** It is clear that under Ohio law, administrative rules may not dictate public policy. In my view, the Department of Rehabilitation and Correction adopted rules that went beyond legislative policy when it inserted the requirement of due process where none existed. By requiring that the policies and procedures of "[e]ach judicial corrections board" provide "for due process" for unclassified employees, Ohio Adm.Code 5120:1-14-03(P) grants rights to unclassified employees that do not exist under Ohio law and is therefore invalid.

**{¶28}** I would find that petitioner Lena McClain was an at-will unclassified employee, still within her probationary period of employment, who served at the pleasure of the Judicial Corrections Board and who, as such, was not entitled to due process in the termination of her employment. I respectfully dissent.

_____

Nathan & Arnold, Ltd., R. Michael Frank and Catherine H. Killam; Law Offices of Thomas Sobecki and Thomas Sobecki, for petitioner.

Green & Green, Jane M. Lynch and Thomas L. Czechowski, for respondent.

_____