Lena MCCLAIN, Plaintiff/Petitioner

v.

NORTHWEST COMM. CORR. CTR.,
et al., Defendants/Respondents

No. 3:00CV7648.

United States District Court,
N.D. Ohio,
Western Division.

June 13, 2003.

R. Michael Frank, Arnold & Caruso, Thomas A. Sobecki, Toledo, OH, for Lena McClain.

Erin B. Moore, Jane M. Lynch, Thomas L. Czechowski, Green & Green, Dayton, OH, for Northwest Community Corrections Center Judicial Corrections Board, Northwest Community Corrections Center, James Wichtman, Rodney Fizer, Pamela Gunter–Fairhailey.

## ORDER

CARR, District Judge.

This is a case in which the plaintiff claims that she was denied due process prior to her termination by the defendants. Pending are cross-motions for summary judgment. For the reasons that follow, the plaintiff's motion shall be granted in part, and the defendant's motion shall be denied.

Plaintiff was hired as a "Resident Specialist Coordinator" at the defendant NorthWest Community Corrections Center ("the Center"). The Center is a multi-county corrections facility deemed to be an agency of the State of Ohio.

Pursuant to regulations adopted by the Center, plaintiff was an at will employee at

least until she completed a 120 day probationary period. She did not complete that period, because she was fired due, in general terms, to allegations of incompatibility with the Center's treatment philosophy and some of her coworkers.

About a week before the Center fired the plaintiff, she participated in a "hats off" meeting with other employees. The person who fired her, Mr. Wichtman, did not attend the meeting. Such meetings, which are not part of the Center's disciplinary regimen, are intended to resolve problems that an employee is encountering, or may be perceived by others as encountering.

At the hats off meeting, the other participants apparently spoke negatively about the plaintiff, her relations with them, and her performance of her duties. The plaintiff was not informed before or during the hats off meeting that such allegations might lead to termination. Nor was she notified that she would have a right to respond, and should do so, if she contested the allegations.

A week after the hats off meeting, Mr. Wichtman met with the plaintiff and told her that she had the choice of quitting or being fired. He and the other Center employees at that session told plaintiff that there had been complaints about the plaintiff's inability to communicate, work well with others, and implement the Center's therapeutic community concept.

Plaintiff said she wanted to talk with an attorney before responding to Wichtman's mandate. She was given a day to do so. The following day, the plaintiff not having resigned, Wichtman composed a written notice to the plaintiff that she was fired. Her firing, he stated, was

> based on your failure to maintain effective working relationships with associates and Coordinators within the North-West Community Corrections Center. Furthermore, you demonstrated an ina-

bility to implement the philosophy and emotional support for the implementation of the therapeutic community which is the primary task of all staff within the Center.

Thereafter, plaintiff brought this suit. She claims that she was entitled to a due process hearing before her termination. Defendants contended that she was not entitled to such hearing in view of her status as an at will employee.

Because the law, in light of certain of the Center's regulations, was unclear on the issue of plaintiff's entitlement to due process before termination, the undersigned certified questions of law to the Ohio Supreme Court pursuant to Ohio S.Ct. R. Prac. XVIII. While declining to answer one of those questions, the Court held that plaintiff was entitled to due process prior to termination. *McClain v. Northwest Community Corrections Center*, 95 Ohio St.3d 484, 769 N.E.2d 387 (2002).

█ To a considerable extent, the parties argue about what kind of process was due to the plaintiff in light of the decision in *McClain*. Under *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), an employee to whom due process must be afforded must have an opportunity to respond to the employer's evidence, because "the chance to be heard, to present one's side of the story, is a fundamental requirement of any fair procedural system." *Buckner v. City of Highland Park*, 901 F.2d 491, 495 (6th Cir.1990).

Plaintiff's claims go, however, beyond simple entitlement to be told why she may not be allowed to complete her probationary period, and to be given a chance to respond. She contends, in effect if not expressly, that the ruling of the Ohio Supreme Court that she was entitled to due process prior to her termination altered

her status as an at will employee for the initial 120 days of her employment. Thus, plaintiff argues, the defendants had the burden of showing justification for the decision to fire the plaintiff.

Defendants contend that, though plaintiff may have been entitled to some minimal due process, that circumstance did not give her the protections of an employee entitled to a pretermination showing of cause. Defendants also assert, in the alternative, that the hats off meeting, the meeting with Wichtman, and plaintiff's subsequent unsuccessful invocation of the Center's grievance procedures gave her all the due process protection to which she may have been entitled in light of the Ohio Supreme Court's opinion.

That opinion clearly gave the plaintiff due process protection; at a minimum, therefore, the plaintiff, even though she was a probationary employee, was entitled to notice and an opportunity to be heard.

She received neither. She was not told prior to the hats off session that her conduct was at issue or could lead to her termination. She was not told before her meeting with Wichtman that she was about to be told to quit or be fired. Before that meeting she was not told why that ultimatum was being issued. At that meeting she had no meaningful opportunity to persuade Wichtman that he was making a mistake. Thus, she did not get due process to which the Ohio Supreme Court held she was entitled.

On the other hand, the Supreme Court's opinion addressed only the procedural question: i.e., the question whether plaintiff was entitled to notice and a chance to be heard on her own behalf. That opinion did not alter the substance of the parties' legal relationship—plaintiff remained a probationary employee, and thus, an at will employee, subject to discharge with or without cause.

The dilemma posed by extending to an at will employee basic due process protections is not insoluble. It can be resolved by ruling that the plaintiff must be told why her termination is being considered, and, in turn given an opportunity to persuade the decision-maker that it is either acting on the basis of inaccurate or unreliable information, or, if the information is accurate and reliable, why she should be allowed to keep her job for the balance of the probationary period.

This does not mean that the defendant has to have cause before it can fire the plaintiff and prevent her from completing her probationary period. But it does mean that the plaintiff has to be told in advance why termination is at issue. There may be many reasons—from complete incompetence to lack of resources—that cause the employer to let her go. Whatever the reason, it does not have to constitute cause—but it must be explained.

After it is explained, plaintiff must be given a fair opportunity to persuade the decision maker not to fire her. And the decision maker must hear her out with an open mind.

Beyond that, no more is required either to fulfill the mandate of the Ohio Supreme Court or treat the plaintiff as something other than an at will employee. Unlike at will employees in the private sector, the plaintiff has to be told why she's being fired—even if that reason would not justify firing her for cause—and she has to have a chance to change the decision maker's mind. But that is all to which she is entitled. She retains the burden of persuading the decision maker that it is making a mistake, or that she otherwise should be allowed to keep her job.

I agree with the plaintiff that the events leading to her termination did not meet the requirements of due process. The hats off hearing was not a due process

hearing. Wichtman gave no explanation of his reasons for his ultimatum. Plaintiff was not given a fair chance to try to make him change his mind, or stay his hand.

Plaintiff contends that viewing her as a probationary employee nullifies the benefits of the Ohio Supreme Court's holding that she was entitled to some form of due process before being terminated. I disagree: the benefits that she receives from that ruling, though modest and, in her view at least, imperfect, are not insignificant. Absent that protection, she could have been, as she was, fired summarily. Indeed, her termination could have been attended be even less ceremony. She could have been given a written note telling her she was fired—period—without any explanation whatsoever, much less a chance to ask why, object, and be heard.

These are not trivial protections, even if they do not always work, and even if the employer retains the ability to fire without cause during a probationary period. At the very least, they impose a modicum of procedural fairness that otherwise may be lacking, while keeping the burden of persuasion where it belongs during any probationary period—on the employee, who has the obligation during such period to prove herself worthy of continued employment.

For now, I go no further than to rule that the plaintiff's motion for summary judgment on the issue of liability is granted, and the defendant's cross-motion on that issue is denied. Though plaintiff's motion seeks backpay and other relief, I decline to grant such relief without discussing the plaintiff's current circumstances and demand, and giving the defendants an opportunity to respond in light of those circumstances and demand.

In light of the foregoing, it is

ORDERED THAT plaintiff's motion for summary judgment be, and the same hereby is granted with regard to plaintiff's claim that her right to due process of law

was violated; defendants' motion for partial summary judgment is denied.

The a status/scheduling/settlement conference is scheduled for July 7, 2003 at 11:00 a.m. Lead counsel and parties with full settlement authority to attend the conference in person. Prior to said conference the parties are to undertake in good faith to reach a settlement, and they shall, one week prior to said conference submit ex parte narrative status/settlement statements.

So ordered.